# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

MICHAEL J. DAHLIN,                                  Civil No. 07-1854 JMR/AJB

        Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

DARIN HAUGLAND,

        Defendant.

       Plaintiff Michael J. Dahlin commenced this action on April 11, 2007, by filing a 42 U.S.C. § 1983 complaint naming several defendants, including Darin Haugland. [Docket No. 1]. The complaint alleges violation of Plaintiff's civil rights with respect to treatment for a medical condition while he was incarcerated at MCF-Rush City. Mr. Haugland is a physical therapist who treated Mr. Dahlin at the prison. The matter was assigned to U.S. District Court Chief Judge James M. Rosenbaum, and referred to Magistrate Judge Arthur J. Boylan for report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1. Claims against all defendants, save Mr. Haugland, were dismissed by Order dated March 19, 2008. [Docket No. 59].[1] Haugland has not been served the summons and complaint in this matter.[2]

        Summons was issued and delivered to the U.S. Marshals for service as to the named defendants, including Mr. Haugland, on May 9, 2007. All defendants named in the complaint were served with the summons and complaint except Darin Haugland, and

---

[1] Referring to Report and Recommendation dated February 22, 2008. [Docket No. 57].

[2] Return of Services, <u>infra</u>, footnotes 3, 6, and 8.

answers were served and filed on behalf of all served defendants. The initial summons as to Mr. Haugland was returned unexecuted. [Docket No. 16].[3] In a letter to the court dated May 30, 2007, an attorney for defendants Dr. Keith Krueger, Dr. Purisimo Lucas, and Darin Haugland stated that Mr. Haugland had not been served and requested that he be dismissed from the action. [Docket No. 18]. In response, the court determined that Mr. Haugland was not a party to the action and dismissal was therefore not required or appropriate at that time. [Docket No. 27].[4]

Meanwhile, Plaintiff requested another USM-285 Form from the clerk's office on June 14, 2007, with the intent to again seek service on Mr. Haugland. [Docket No. 23].[5] The second summons to Mr. Haugland was issued June 20, 2007, and returned unexecuted on July 16, 2007. [Docket No. 25].[6] The court on January 23, 2008, issued an Order granting Plaintiff time to respond to a motion for summary judgment and further allowing another opportunity to submit a properly completed USM-285 Form for Defendant Mr. Haugland. [Docket No. 51]. The January 23, 2008, Order expressly cautioned that if Plaintiff failed to complete the requisite form, it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b). Plaintiff requested a USM-

---

[3] Return of Service dated May 17, 2007, stating "Unable to locate defendant" at the address provided in the U.S. Marshall Form 285. Address provided was MCF-Rush City, 7600 525th Street, Rush City, MN 55069.

[4] Pretrial Scheduling Order dated July 19, 2007.

[5] Request to Re-Serve Darin Haugland dated June 7, 2007.

[6] Return of Service dated July 2, 2007, stating "Unable to locate defendant" at the address provided in the U.S. Marshall Form 285. Address provided was MCF-Oak Park Heights, 5329 Osgood Ave North, Stillwater, MN 55082-1117.

285 Form on January 29, 2008, [Docket No. 53],[7] and the clerk mailed the form to Mr. Dahlin the following day. A summons was issued for service on Mr. Haugland on February 19, 2008, and was returned unexecuted on February 29, 2008. [Docket No. 58].[8]

Those defendants in the action who were properly served filed motions for summary judgment on September 10, 2007, [Docket No. 31][9] and January 17, 2008. [Docket No. 44].[10] Mr. Haugland was not a party to the summary judgment motions. On February 22, 2008, the Magistrate Judge issued a Recommendation [Docket No. 57][11] that both motions for summary judgment be granted; the motions were then granted pursuant to an Order issued by the district court. [Docket No. 59].[12]

The Federal Rules dictate that if a plaintiff does not serve on defendant a summons and complaint within 120 days after the complaint is filed, the court "shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m); see also Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (affirming dismissal without prejudice for failure to serve process on defendants; 120 days had passed since filing of the complaint and no showing of good cause was made). If the plaintiff can show good

---

[7] Letter to court requesting USM-285 Form.

[8] Return of Service dated February 29, 2008, stating "Unable to locate defendant" at the address provided in the U.S. Marshall Form 285. Address provided was MCF-Oak Park Heights, 5329 Osgood Ave North, Stillwater, MN 55082-1117.

[9] Motion for Summary Judgment by defendants Erik Skon, Kim Ebeling, Robert Feneis, Beth Walker and Denise Barger.

[10] Motion for Summary Judgment by defendants Lucas Purisimo and Keith Krueger.

[11] Report and Recommendation that Motion for Summary Judgment be granted dated February 22, 2008.

[12] Order granting Motion for Summary Judgment dated March 19, 2008.

cause for failure to serve defendant within 120 days, however, "the court shall extend the time for service for an appropriate period." Id.  When a plaintiff has ample notice of a defect in service and does not attempt an obvious correction, however, there is no good cause for the resulting delay if the chosen method of service fails.  See Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996).

Mr. Dahlin filed his complaint more than a year ago, on April 11, 2007.  [Docket No. 1].  Over 150 days have passed since the last issued summons was returned unexecuted as to Mr. Haugland.  [Docket No. 58].  Of the three USM-285 Forms completed by Plaintiff, the last two directed the U.S. Marshal's Service to serve Mr. Haugland at the same MCF-Oak Park Heights address.  [Docket Nos. 25, 58].  Based on these facts, the court concludes that Mr. Dahlin does not have good cause to further extend the time limit for service.

Mr. Dahlin has failed to complete service of process on Defendant Darin Haugland, as required by Fed. R. Civ. P. 4(m) and as ordered by this court on January 23, 2008.  [Docket No. 51].  Plaintiff had several opportunities to serve Mr. Haugland, but failed to properly direct the U.S. Marshal's Service as to where such service could be accomplished.  Therefore, it is now recommended that Plaintiff be deemed to have abandoned the action against Mr. Haugland, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the

inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **dismissed without prejudice**.

Date: August 7, 2008

    _s/Arthur J. Boylan_____
    Arthur J. Boylan
    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 21, 2008.